## In re POTTER'S WILL.

*(Surrogate's Court, Cattaraugus County. October 28, 1890.)*

1. WILLS—EXECUTION—ATTESTING WITNESSES.

    4 Rev. St. N. Y. (8th Ed.) p. 2547, § 40, subd. 2, provides that testator's subscription "shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses." Subdivision 4 provides that "there shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator." *Held* that, where testator signs the will in the absence of the attesting witnesses, but acknowledges the signature to them, they need not be present together when such acknowledgment is made, nor is it necessary that they should sign in each other's presence.

2. SAME—INTERLINEATIONS AND ERASURES—PRESUMPTION.

    Where there are several interlineations and erasures in a will which was written by testator, and it appears that the interlineations are all in the handwriting of testator, who was custodian of the will, such interlineations and erasures will be presumed to have been made before the execution of the will.

Proceedings for the probate of the will of Ann Elizabeth Potter, deceased. 4 Rev. St. N. Y. (8th Ed.) p. 2547, § 40, prescribes the mode in which wills shall be executed and attested as follows: "Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: (1) It shall be subscribed by the testator at the end of the will. (2) Such subscription shall be made by the testator, in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses. (3) The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament. (4) There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

*A. W. Stone*, for proponents. *Hudson Ansley* and *O. S. Vreeland*, for contestants.

SPRING, S. The testatrix prepared the will herself and signed it in the absence of the attesting witnesses, but acknowledged the signature to be her own, and made the usual declaration that it was her will. The two subscribing witnesses were not present together when this acknowledgment was made, and they did not sign in the presence of each other, but this is not necessary. *Hoysradt* v. *Kingman*, 22 N. Y. 372; *Willis* v. *Mott*, 36 N. Y. 486–497; *Lyman* v. *Phillips*, 3 Dem. Sur. 459–467.

There are several interlineations and erasures in the instrument, but an inspection of it shows plainly that all the interlineations are in the handwriting of testatrix, and these, as well as the erasures, may well be presumed to have been done by her in the preparation of the will and prior to its execution. The facts that she was her own scrivener and the custodian of the document weigh in favor of this presumption. There is no evidence to show that these obliterations were made with any intent to nullify the will, and that is essential before a revocation can be effectual. *Lovell* v. *Quitman*, 88 N. Y. 377; 1 Kent, Comm. 472, 473. A decree will accordingly be entered admitting the will to probate, and the costs will be adjusted and provided for therein.